United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10260
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS CUETO-PARRA, also known as Jose Santos Morales, also known
as Santos Cueyo, also known as Santos Cueto Parva, also known as
Angel Rodriguez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-129-ALL-Y
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Santos Cueto-Parra has appealed the sentence imposed
following entry of his guilty plea to count 1 of an indictment
charging him with illegal re-entry following deportation. Cueto
challenges the constitutionality of 8 U.S.C. § 1326(b)'s
treatment of prior felony and aggravated felony convictions as
sentencing factors rather than elements of the offense that must
be proved beyond a reasonable doubt in light of Apprendi v. New

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000). Cueto's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

Cueto contends that the district court committed reversible plain error by imposing the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i), based on his prior state conviction for possession of heroin for sale. "Under the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602 (1990), a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes." Garza-Lopez, 410 F.3d at 273 (parallel citations to Taylor omitted).

In the present case, the record reflects that the district court relied on the presentence report in imposing the 16-level enhancement. The probation officer reported that, prior to deportation, Cueto had been convicted of a drug trafficking offense in state court. That is, Cueto was convicted in case number 97F09448 of possession of heroin for sale. The probation officer's determination that the offense involved drug trafficking was apparently based on her review of the offense report only.

Because the district court's imposition of the 16-level enhancement was based on a review of the underlying facts of the predicate offense only, the district court plainly erred. See

id. at 273-75.  In <u>Garza</u>, we held that such error implicated a defendant's substantial rights and, accordingly, was reversible. <u>Id.</u> at 275.  Accordingly, the sentence must be VACATED and the case REMANDED FOR RESENTENCING.

VACATED AND REMANDED FOR RESENTENCING.